UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRY BAKER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:14CV333 JAR |
| | ) |
| TROY STEELE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. This action was filed jointly by five prisoners. Multiple prisoners may not join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. <u>Georgeoff v. Barnes</u>, 2:09CV14 ERW, 2009 WL 1405497 (E.D. Mo. 2009); <u>Jones v. Abby</u>, 2009 WL 2169894 (E.D. Mo. 2009). As a result, the Court will strike four of the plaintiffs from this case and order the Clerk to open new cases for each of these plaintiffs.

The Prison Litigation Reform Act of 1995 (APLRA@) requires that Aif a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.@ 28 U.S.C. ' 1915(b)(1). Prisoners proceeding in forma pauperis may pay the fee in installments. 28 U.S.C. ' 1915(b). Implementation of the PLRA was designed to make prisoners feel the deterrent effect of the filing fee. <u>See</u> <u>e.g.</u>, <u>Hampton v. Hobbs</u>, 106 F.3d 1281, 1286

(6th Cir. 1997). Each individual plaintiff must feel the financial effect of filing a suit in federal court. See id.; 28 U.S.C. ' 1915(b). As a result, each plaintiff must pay the full filing fee of $350.

"Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA." Lilly v. Ozmint, 2007 U.S. Dist. LEXIS 49153 *4, 2007 WL 2021874 *1 (D.S.C. July 6, 2007) (slip copy); see 28 U.S.C. ' 1914 (filing fee statute). The requirement of ' 1915(b)(1) that each "prisoner shall be required to pay the full amount of a filing fee" requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136, 122 S. Ct. 1083, 151 L. Ed. 2d 983 (2002).

In addition, "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." Hagwood v. Warden, 2009 U.S. Dist. LEXIS 13108 *5, 2009 WL 427396 *2 (D.N.J. Feb. 19, 2009) (slip copy) (citing Wasko v. Allen County Jail, 2006 U.S. Dist. LEXIS 22907, 2006 WL 978956 (N.D. Ind. 2006); Swenson v. MacDonald, 2006 U.S. Dist. LEXIS 5784, 2007 WL 240233 *2-4 (D. Mont. Jan. 30, 2006) (slip copy).

> Among the difficulties noted by these courts are the need for each
> plaintiff to sign the pleadings, and the consequent possibilities that

> documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that Acoercion, subtle or not, frequently plays a role in relations between inmates.@

Hagwood, 2009 U.S. Dist. LEXIS 13108 at *6; 2009 WL 427396 at *2.

Finally, joinder of prisoners= claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under ' 1915(g) so long as one of those prisoners= claims is viable, because ' 1915(g) imposes a strike only if the entire action is dismissed. Prisoners should not be allowed to circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action.

Because plaintiff Baker is the lead plaintiff in this case, the Court will strike plaintiffs Perry, Mohammad, Fields, and Vassar from this action. The Court will order the Clerk to open separate cases for plaintiffs Perry, Mohammad, Fields, and Vassar, utilizing the complaint in the above-captioned case.

Nothing in this Memorandum and Order should be construed as precluding any or all of the plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **STRIKE** plaintiffs Perry, Mohammad, Fields, and Vassar from this action.

**IT IS FURTHER ORDERED** that the Clerk shall open new cases for plaintiffs Perry, Mohammad, Fields, and Vassar, utilizing the complaint in the above-captioned case.

Dated this 6th day of March, 2014.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE